IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERRICK JOHNSON,

    Petitioner,

v.                                                      CASE NO. 21-3144-JWL

DONALD HUDSON, Warden,
USP-Leavenworth,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas. The Court grants Petitioner's motion for leave to proceed in forma pauperis (Doc. 4). The Court has screened the Petition (Docs. 1, 3) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

A jury found Petitioner guilty of Bank Robbery in violation of 18 U.S.C. § 2113(a). On December 10, 2018, Petitioner was sentenced in the Northern District of Texas to 132 months of incarceration. *United States v. Johnson*, Case No. 3-16-cr-00349 (N.D. Tex.). Petitioner appealed and the Fifth Circuit Court of Appeals affirmed. *United States v. Johnson*, Case No. 18-11602 (5th Cir.).

Petitioner claims that his sanity at the time of the offense was in issue. The trial court approved the performance and completion of Petitioner's psychiatric evaluation by a Bureau of Prisons doctor. The doctor concluded that Petitioner was criminally responsible for his alleged actions. (Doc. 3, at 9.) The trial court denied Petitioner's request to authorize expenditures to engage an additional mental health counselor and psychiatrist to aid in his defense. *Id*.

1

Petitioner claims that the Fifth Circuit affirmed without addressing the merits of his claim that Supreme Court precedent mandated access to expert assistance, citing *McWilliams v. Dunn*, 137 S. Ct. 1790 (2017). *Id*. at 2. Petitioner claims that the Fifth Circuit "refused to address the core violation outlined on appeal." *Id*. at 4.

Petitioner states in his Petition that he is challenging the validity of his conviction or sentence as imposed, but that he has not filed a motion under 28 U.S.C. § 2255. *Id*. at 3. Petitioner alleges that § 2255 is inadequate or ineffective to challenge his conviction or sentence because "[i]ssues not addressed on direct appeal are barred from being raised in a § 2255 proceeding." *Id*. at 4 (citing *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996)).

Petitioner filed the instant Petition under § 2241 alleging that the trial court violated the Supreme Court precedent in *McWilliams*, by failing to give Petitioner access to a competent psychiatrist where his sanity at the time of the offence was a significant issue at trial. *Id*. at 6. Petitioner seeks immediate release from confinement.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609

F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Section 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Abernathy*, 713 F.3d at 547 (citations omitted). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier

3

doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

Petitioner alleges that he attempted to seek relief through a writ of mandamus prior to his trial, but the Fifth Circuit denied relief, stating that the issue must be brought on direct appeal. (Doc. 3, at 10.) Petitioner then claims that he raised the issue on direct appeal, but the Fifth Circuit "refused to address this core issue."[1] *Id*. Petitioner claims that this "effectively foreclose[ed] the issue for collateral review" because "an issue not addressed during direct appeal cannot be brought forth on collateral review." *Id*. at 10, 14 (citing *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996)).

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *Warren v. United States*, 707 F. App'x 509, 511 (10th Cir. 2017) (quoting *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989)). "When a defendant fails to raise an issue on direct appeal, he is

---

[1] Petitioner attaches his appellate brief. (Doc. 1–1, at 1–14). In affirming Petitioner's conviction and sentence, the Fifth Circuit found that "[g]iven the voluminous evidence of Johnson's guilt as presented at trial, we agree with the Government that any purported error with respect to the prosecutor's comments as to Johnson's failure to subpoena witnesses or the district court's pretrial denial of funds for a mental health expert could not have affected the outcome of his proceedings." *United States v. Johnson*, 822 F. App'x 258, 261 (5th Cir. Aug. 4, 2020). In finding that Petitioner could not demonstrate prejudicial error, the Fifth Circuit noted that the record reflected that the Government presented adequate evidence at trial to support the jury's guilty verdict, including but not limited to: "stills of the videotaped footage of Johnson committing the bank robbery, the robbery note, the fact that he still had cash he had stolen from the bank on him when he was arrested, that he admitted he robbed the bank to investigators and a mental health counselor, and that he committed the robbery one day after he finished serving a sentence for a prior bank robbery." *Id*.

barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id*. (quoting *Cox*, 83 F.3d at 41 (10th Cir. 1996)).

The Tenth Circuit held in *Warren* that where the petitioner was procedurally barred from federal habeas relief because he either (1) already raised his claim on direct appeal or (2) could have raised it then and has not established cause or prejudice, a "procedural bar does not render § 2255 'inadequate or ineffective' under § 2255(e)." *Id*. at 512 (citing *Hale*, 829 F.3d at 1171).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. *See Fleming v. Mora*, Case No. H-17-3295, 2018 WL 1726156, at *2 (S.D. Tex. April 10, 2018) (finding § 2255(e) savings clause unavailable and dismissing habeas claim for want of jurisdiction where petitioner claimed trial court denied her access to an appropriate mental health expert for purposes of trial in violation of *Ake v. Oklahoma*, 470 U.S. 68 (1985), and *McWilliams v. Dunn*, 137 S. Ct. 1790 (2017)).

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated July 2, 2021, in Kansas City, Kansas.**

S/ **John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**