IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERRICK JOHNSON,

    Petitioner,

v.                                            CASE NO. 21-3144-JWL

DONALD HUDSON, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas. The Court screened the Petition (Docs. 1, 3) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and on July 2, 2021, dismissed this action without prejudice for lack of statutory jurisdiction. (Docs. 5, 6.) On July 16, 2021, Petitioner filed a Motion for Reconsideration (Doc. 7), asking the Court to reconsider its July 2, 2021 Memorandum and Order and Judgment.

Petitioner states in his Petition that he is challenging the validity of his conviction or sentence as imposed, but that he has not filed a motion under 28 U.S.C. § 2255. (Doc. 3, at 3.) Petitioner alleges that § 2255 is inadequate or ineffective to challenge his conviction or sentence because "[i]ssues not addressed on direct appeal are barred from being raised in a § 2255 proceeding." *Id*. at 4 (citing *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996)). The Court dismissed this action without prejudice for lack of statutory jurisdiction, finding that Petitioner failed to meet his burden to show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a).

1

Because Petitioner's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner argues in his motion to reconsider that he is in a "legal catch-22" because although he provided the appellate court with a crucial error affecting his constitutional rights,[1]

---

[1] The Court notes that Petitioner attached a handwritten appellate brief to his Petition, which purports to raise the issue of the trial court's denial of Petitioner's request to authorize expenditures to engage an additional mental health counselor and psychiatrist to aid in his defense.  However, many of Petitioner's pro se filings were rejected by the court and the appellate brief filed by his attorney does not appear to raise the issue.  *See United State v. Johnson*, Case

the court refused to address the merits of said error. (Doc. 7, at 1.) Petitioner claims he is therefore prohibited from raising the issue on collateral review. *Id*. Petitioner then makes arguments as to why he should be excused from his procedural bar. More specifically, he argues that the "miscarriage of justice" exception should apply based on a showing of actual innocence, citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). *Id*. at 2.

A procedural bar does not render § 2255 "inadequate or ineffective" under § 2255(e). *Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016) (citing *Zelaya v. Secretary, Florida Dep't of Corrections*, 798 F.3d 1360, 1370 (11th Cir. 2015) ("It is by now abundantly clear that the mere fact that a defendant faces a procedural bar in his first § 2255 motion[,] such as a limitations period or procedural default does not render the § 2255 motion *itself* inadequate." (quotation omitted) (emphasis and brackets in original)); *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) ("[T]he fact that [the prisoner] is procedurally barred from raising [his claim] now does not mean that § 2255's remedy was 'inadequate or ineffective.' ")); *see also Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir. 2001) ("We now hold that § 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gatekeeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion.").

Petitioner has not shown that his claim of actual innocence entitles him to proceed under § 2255(e). Even if actual innocence were a valid basis for bypassing § 2255(e), "[a] prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence." *Hale*, 829 F.3d at 1171 (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013)); *see also Lee v. Oliver*, 574 F. App'x 846, 847 (10th Cir. 2014) (unpublished)

---

No. 18-11602, Document 00515214600, at 12 (5th Cir. Nov. 26, 2019) (appellate brief raising issues of Government's comments at trial and application of two-level enhancement for obstruction of justice).

(rejecting miscarriage of justice argument where petitioner failed to show, under *Prost's* saving clause test, that the claims in his § 2241 application challenging the legality of his detention could not have been tested in an initial § 2255 motion); *United States v. Thompson*, No. CIV 13-217-D, 2015 WL 128225, at *2 (W.D. Okla. Jan. 8, 2015) (rejecting use of the savings clause and finding that "Defendant has not shown how his actual innocence or fundamental miscarriage of justice claim could not have been tested in an initial § 2255 motion."); *Boyce v. Berkebile*, Civil Action No. 14-cv-01481-LTB, 2014 WL 4267413, at *4 (D. Colo. Aug. 29, 2014) (finding that equitable exception in *Schlup* and *McQuiggin* applies to procedural bars and did not benefit petitioner because § 2255(e) imposes a jurisdictional bar).

Petitioner has not shown that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e).   In fact, Petitioner filed a § 2255 motion on July 20, 2021, raising the same claim.  *See United States v. Johnson*, Case No. 3:16-cr-00349, Doc. 202 (N.D. Tex. July 20, 2021).   Nothing in Petitioner's motion for reconsideration warrants relief under Rule 59(e).

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Petitioner has failed to meet the standard required for this Court to alter or amend its July 2, 2021 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Reconsideration (Doc. 7) is **denied.**

**IT IS SO ORDERED**.

**Dated July 23, 2021, in Kansas City, Kansas.**

                                      **S/  John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**